IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HUMPHRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-510 |
| ) | Judge Nora Barry Fischer |
| WALMART, GIANT EAGLE, CVS, ) | |
| RITE AID, TARGET, K-MART, ) | |
| MED CAP, MEDFAST, and VARIOUS ) | |
| INDEPENDENT PHARMACIES ) | |
| COMPANIES, and PENNSYLVANIA ) | |
| BOARD OF PHARMACY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER OF COURT**

This matter comes before the Court on *pro se* Plaintiff, John Humphries' Motion for Leave to Proceed *in forma pauperis* (Docket No. [1]), his Qui Tam Action (Complaint), Brief in Support, and Motion to Amend Qui Tam Action attached thereto (Docket Nos. 1-1, 1-2, 1-3), in which Plaintiff asserts that he has been incarcerated at the Northeast Ohio Correctional Center since November 21, 2007, which the exception of 68 days in 2009, and as a result, has no assets or income with which to pay for the costs associated with filing this action. (Docket No. 1 at 1). Plaintiff, identifying himself as the "relator," brings this "Qui Tam RICO" action "seeking to expose state wide (or country wide) violations of the Controlled Substance Drug Abuse and Prevention Act, 21 U.S.C.A [sic] that requires accurate keeping of all transactions of substances sold or dispensed." (Docket No. 1-1 at 1). Plaintiff has listed the following statutes in the caption of his Complaint: 18 U.S.C. § 1961; "Qui Tam False Claim/Consumer Protection Act;" 21 U.S.C. § 823(b)(1), (e)(1); 21

1

U.S.C. § 827(a)(3); and 49 Pa. § 27.18(c) and (f). (Docket No. 1-1). Plaintiff asserts that the Defendants have distribution practices that violate "strict record keeping requirements that any reasonable industry professional knows or should know is contrary to congressional intent of Drug Abuse and Prevention Act. U.S. Attorney has evidence." (Docket No. 1-1 at 1). He requests that the Court enter an injunction and "wishes the Government join this lawsuit." (*Id.* at 4).

As explained in *United States ex rel. Banks v. Aramark Correctional Services*, Civ. A. No. 06-1424, 2008 WL 3833459 (W.D. Pa. Aug. 15, 2008), the Prison Litigation Reform Act ("PLRA") applies to actions brought by prisoners who are proceeding, or here, attempting to proceed *in forma pauperis*. *Banks*. 2008 WL 3833459, at *2-3 (citing Pub. L. No. 104-134, 110 Stat. 1321 (1996)); *see also Santana v. United States*, 98 F.3d 752, 755 (3d Cir. 1996). This statute provides that notwithstanding any filing fee or any portion thereof that may have been paid, the court shall dismiss such an action at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2).  Here, Plaintiff is seeking *in forma pauperis* status, and is a prisoner within the meaning of 28 U.S.C.§ 1915.[1] Thus, section 1915(e)(2) is applicable to this matter.

In evaluating actions within the purview of section 1915(e)(2), a district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Banks*. 2008 WL 3833459, at *3 (citations omitted). Thus, dismissal is proper when, reading the complaint

---

[1] "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

in the light most favorable to the plaintiff and accepting all factual allegations as true, the courts finds that the plaintiff has failed to state a claim as a matter of law. *Id.* (citing *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). In making this determination, the court need not accept as true any legal conclusions contained in the complaint. *Id.* As Plaintiff is proceeding *pro se*, this Court is required to accord his pleadings a more liberal reading, employing less stringent standards. *Haines v. Kerner*, 404 U.S. 519 (1972).

In *Banks*, *supra*, the district court noted that while the Court of Appeals for the Third Circuit has not addressed the issue, other circuits have recognized that *pro se* relators cannot prosecute *qui tam* actions. *Banks*. 2008 WL 3833459, at *3 (citing *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007); *U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004)). The *Banks* court adopted this rationale, noting that courts have routinely held that "a prisoner proceeding *pro se* is inadequate to represent" his own interest, let alone those of others; therefore, the plaintiff could not represent the interests of the United States. *Banks*. 2008 WL 3833459, at *4.

This Court finds the rationale of the *Banks* court to be persuasive. Therefore, given the mandatory language of 28 U.S.C. § 1915(e)(2) requiring a court to *sua sponte* dismiss *in forma pauperis* actions that are frivolous or fail to state a claim, *see also Keener v. Pennsylvania Board of Probation and Parole*, 128 F.3d 143, 145 (3d Cir. 1997), Plaintiff's *qui tam* suit is dismissed for failure to state a claim upon which relief can be granted since as a *pro se* prisoner, he cannot adequately represent the Government's interests in investigating and prosecuting alleged violations of the Controlled Substance Drug Abuse and Prevention Act.

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* (Docket No. [1]) is DENIED,

and this action is dismissed, with prejudice. The Clerk of Court shall mark this matter as closed.

                                                  *s/Nora Barry Fischer*
                                                  Nora Barry Fischer
                                                  United States District Judge

Dated: April 26, 2010.

cc/ecf: John Humphries
        Northeast Ohio Correctional Center
        2240 Hubbard Road
        Youngstown, Ohio 44505